UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA

In re: Queen E. Miller,
      Debtor,

Case No.: 08-40298
Chapter 7

Adversary: 08-04009

Theresa M. Bender, Trustee
for the Estate of Queen Elizabeth Miller,
      Plaintiff,

vs.

Edny Saint Felix,
      Defendant.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FRBP 9011

    The Plaintiff, Theresa M. Bender, Trustee for the Estate of Queen Elizabeth Miller, by and through her undersigned attorney, and pursuant to FRBP 9011, gives notice of her opposition to the Defendant's Motion for Sanctions Pursuant to FRBP 9011 and requests that this Honorable Court award her costs and fees associated with defense of the motion pursuant to FRBP 9011(c)(1)(A) and in support thereof says:

1.) The Defendant has filed a motion requesting that sanctions in the form of costs and fees be imposed against the Debtor, Plaintiff, and the undersigned attorney based upon unspecified allegations that the Plaintiff's adversarial complaint is "not warranted by existing law and not supported by the facts of the case" and that "the Defendant, the Plaintiff, and her counsel have unduly vexed, taxed, and brought costs upon the Defendant".

2.) The allegations contained in the Defendant's motion are vague and fail to give the Plaintiff sufficient notice as to the specific legal arguments which the Defendant finds objectionable. The motion does not cite to any case or statutory law which supports the Defendant's argument, nor does it advise the Plaintiff as to why the Defendant believes the claims are not supported by law or fact.

3.) The Defendant's motion alleges that the Defendant has been unduly vexed, taxed, and brought costs upon. This allegation again is unsupported by any specific act which the Plaintiff is alleged to have committed. The litigation in this case has been restrained. The Plaintiff has taken one deposition which was of the Defendant. One set of interrogatories, one request for production, and one request for admissions has been propounded and responded to without intervention of the Court. The Plaintiff is at a loss to understand how reasonable discovery can be construed to be vexatious. The Plaintiff recognizes the right of the Court to curtail vexatious or abusive litigation, but this case does not have any elements commonly seen in situations where the Courts have imposed such sanctions.

4.) The lack of specificity in the Plaintiff's motion makes it is impossible for the Plaintiff to respond directly to the merits of the motion. The motion taken as a whole does not appear to be based upon the merits of the Plaintiff's adversarial action, but instead appears to be designed to threaten and intimidate the Plaintiff and her attorney.

5.) As recognized by the Bankruptcy Court in the 7th Circuit:

> "there is always a need to avoid chilling the discretion of attorneys in the proper vigorous advocacy of their clients' interests. Therefore, attorneys should only be penalized where they have failed to maintain a minimum standard of professional responsibility, viewed objectively. Lepucki v.

Van Wormer, 765 F.2d 86, 87 (7th Cir.) (per curiam), cert. denied, 474 U.S. 827, 88 L. Ed. 2d 71, 106 S. Ct. 86 (1985)." In re Chicago Midwest Donut, Inc., 82 B.R. 943, 948 (Bankr. N.D. Ill. 1988). "Rule 11 sanctions may be imposed under authority cited above in four circumstances, namely when (1) a reasonable inquiry of the relevant facts and law was not conducted; (2) the pleading filed was not well grounded in fact, (3) the pleading was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; or (4) the pleading was interposed for any improper purpose, such as harassment, delay, or an unnecessary increase in cost." Id.

This cautionary approach to Rule 9011 sanctions was adopted by and articulated by the Bankruptcy Court for the Southern District of Florida which wrote:

"Rule 9011 sanctions are not meant to deter or punish aggressive but reasoned advocacy, even though the pleader is ultimately found wrong. While this Court concluded that Friedman's legal analysis was defective, it is clear that "the duty to conduct a reasonable pre-filing inquiry into the law does not require that the signer ultimately be proved correct in his view of the law." Dennis v. Pan American World Airways, [**18] Inc., 746 F. Supp. 288, 289 (E.D.N.Y. 1990). In this regard, sanctions are appropriate only where the legal argument is patently wrong and where there is no chance of extension or modification of current law. Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992); Brasport, S.A. v. Hoechst Celanese Corp., 134 F.R.D. 45, 47 (S.D.N.Y. 1991) ("In order to find a Rule 11 violation, it should be 'patently clear' to the court that a claim had 'absolutely no chance of success.'" [citations omitted]), aff'd, 940 F.2d 649 (2d Cir. 1991). Similarly, in Securities Indus. Ass'n v. Clarke, 898 F.2d 318, 321-22 (2d Cir. 1990), the court held that attorneys need not "accurately prognosticate the correct law in order

to avoid sanctions." (In Clarke, 898 F.2d at 322, the court concluded that "on more than one occasion, 'we have reminded judges to refrain from imposing sanctions where such action would stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Capital Factors v. General Plastics Corp. (In re General Plastics Corp.), 184 B.R. 996, 1003 (Bankr. S.D. Fla. 1995).

6.) The Bankruptcy Court for the Northern District of Georgia discussed the imposition of sanctions and wrote:

> "The purpose of Rule 9011 is to deter frivolous litigation and baseless filings, thus avoiding unnecessary judicial effort and abuse of the bankruptcy system. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). Three types of conduct warrant Rule 9011 sanctions: "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting Pelletier v. Zweifel, 921 F.2d 1465, 1514 (11th Cir. 1991)); see also Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1572 (11th Cir. 1995) (citing Mazzocco v. Smith (In re Smith), 82 B.R. 113, 114 (Bankr. D. Ariz. 1988)) (Rule 9011 sanctions are appropriate when (i) the papers are frivolous, legally unreasonable or without factual foundation, or (ii) the pleading is filed in bad faith or for an improper purpose)." Eastern Diversified Distribs., Inc. v. Matus (In re Matus), 303 B.R. 660, 682 (Bankr. N.D. Ga. 2004).

7.) The Defendant's motion simply states that the Plaintiff's adversarial action fails to state a colorable claim, without explaining why the claim fails to be colorable other than the Defendant simply disagrees with being sued. "whether a claim is colorable depends upon

'whether a reasonable attorney could have concluded that facts supporting a claim might be established, not whether such facts actually had been established.'" Chaudhry v. Usoskin (In re Usoskin) 61 B.R. 869, 873 (Bankr. E.D. N.Y. 1986) (emphasis in original, citations omitted)." In re Cedar Falls Hotel Properties Ltd. Partnership, 102 B.R. 1009, 1016 (Bankr. N.D. Iowa 1989). The Defendant fails to state a basis upon which the Plaintiff's claims are not colorable.

8.) In the present case there is a factual basis for the Plaintiff's complaint. The factual basis of the case arises out of a real estate transaction in May 2006 which the Defendant initiated with the Debtor. The Defendant advertised in the community that he bought houses. The Defendant represented that the intended to purchase the Debtor's house for $1,000.00 and a payoff of the Debtor's mortgage. The Defendant then drafted two documents: A warranty deed which created a trust with the Defendant named as trustee; and a power of attorney with the Defendant named as the attorney in fact. According to the Defendant's deposition testimony, the Defendant structured the transaction in such a manner as to transfer the property into his name without paying off the mortgage on the property, and to avoid triggering the due on sale clause contained in the Debtor's mortgage. The Defendant's purpose in this transaction was to acquire the property, resell the property, and retain the equity existing in the Debtor's property. According to the Debtor's deposition the Defendant has subsequently rented the property, retained the rental income while a third party has made the mortgage payments. The Debtor unknowingly remained liable for the mortgage which has never been satisfied and her creditors have been deprived of the equity in the property.

9.) The Plaintiff's claims do have legal merit and are based upon well established law regarding fraudulent inducement of property transfers. The Florida Supreme Court has held:

> "It is well recognized legal maxim that for every wrong there is a remedy, and it therefore follows that where one by fraud and deception has procured property or a thing of value, equity and good conscience require that he who commits such fraud shall be required to account to the person or persons whom his wrong has injured and that he may not hold the property so acquired and be enriched there by to the detriment of those who have been deprived of a substantial right as a result of his fraudulent act or misrepresentation. Under such conditions a constructive trust may be imposed on the fraudulent actor in favor of the person or persons who have thereby been deprived of the advantage which but for his act would have accrued to them. Especially is this true where, as in this case, the person suffering from the result of the wrongful act, upon the learning of the perpetration of such act in good faith offers to repay to the fraudulent actor such money or value which he has expended in the transaction." Bell v. Smith, 159 Fla. 817, 822-823 (Fla. 1947).

The Bell Court went on to explain that this rule as applied to a mistaken transfer such as present in this case:

> ""… There are other situations in which it has been held that where the intention of the owner of property to make a gift to one person has been frustrated by the fraud or other wrongful conduct of another, the fraudulent person is chargeable as a constructive trustee for the intended donee. Thus it has been held that where the defendant, discovering a defect in the plaintiff's title to land, obtained a conveyance of the land for a small sum from the plaintiff's grantor by fraudulently representing that

>he was acting in behalf of the plaintiff and that his purpose was to cure the defect in the title, the defendant is chargeable as constructive trustee for the plaintiff of the interest so acquired. <u>Rollins v. Mitchell</u>, 52 Minn. 41, 53 N.W. 1020.... The underlying principle in all these cases is that where a person acquires property by fraud he can be compelled to surrender the property to the person who would have had it but for the fraud..."<u>Id</u>.

In the present case the Trustee would have possession of the debtor's property, and the equity available for the benefit of the Debtor's creditors, but for the Defendant's fraudulent inducement of the Debtor to transfer the property.

10.) Additionally, the transfer at issue in this case violates section 726.105 (1) Florida Statutes as a Fraudulent transfer. The transfer at issue in this case is fraudulent as to the Debtor's creditors in that it was made with the intent to defraud the Debtor's mortgage company in violation of section 726.105(1)(a) Florida Statutes and was made without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was engaged in a transaction for which the remaining assets in relation to the transaction.

11.) In another similar case where a trustee sought to void a debtor's transfer of property interests the United States Bankruptcy Court for the Middle District of Florida, in granting the relief requested in the Trustee's adversarial complaint the Court wrote:

>"This Court has previously determined that a person who possesses knowledge regarding the transferor's "poor financial condition at the time of the transfer," is not a good faith transferee. <u>In re O'Connell</u>, 119 B.R. 311, 317 (Bankr. M.D. Fla. 1990). Further, several courts in the Middle District of Florida have held that good faith must be determined using an objective standard. <u>In re Evergreen Sec., Ltd.</u>, 319 B.R. 245, 254 (Bankr. M.D. Fla. 2003); <u>In re World Vision Entertainment, Inc.</u>, 275 B.R. 641, 659 (Bankr. M.D. Fla. 2002). Additionally, courts in the Middle District of

> Florida have stated, c]ircumstances putting the transferee on inquiry notice as to a debtor's insolvency…. will preclude a transferee from asserting a good faith defense." <u>In re Evergreen Sec., Ltd.</u>, 319 B.R. at 255; In re World Vision Entertainment, Inc., 275 B.R. at 659. Thus, a transferee may not put on "blinders" before entering a transaction with a debtor if circumstances exist putting him on inquiry notice of the debtor's possible insolvency. <u>In re Evergreen Sec., Ltd.</u>, 319 B.R. at 254." <u>Jones v. Revels (In re Revels)</u>, 2007 Bankr. LEXIS 4687, 17-18 (Bankr. M.D. Fla. Jan. 31, 2007).

12.) Likewise, the Trustee's claim against the Defendant for Unfair and Deceptive Trade Practices is also well grounded in law and in fact. According to the Defendant's deposition testimony, the Defendant orchestrated a transfer of the Debtor's interest in the property with the deliberate intent to avoid satisfaction of the mortgage obligation. The Defendant is alleged to have promised that he would satisfy the existing mortgage debt in order to induce the Debtor to agree to transfer the property to him.

13.) It is not necessary that the Plaintiff prove fraud in order to prevail on the Unfair and Deceptive Trade Practices claim.

> "A finding of fraud, however, is not necessary to sustain a violation under the act. <u>Rollins, Inc. v. Heller</u>, 454 So. 2d 580 (Fla. 3d DCA 1984). As the Rollins court pointed out, the legislature has specifically provided that great weight is to be given the federal courts' interpretations of the Federal Trade Commission Act. § 501.204(2), Fla. Stat. (1981). In <u>D.D.D. Corp. v. Federal Trade Comm.</u>, 125 F.2d 679, 682 (7th Cir. 1942), the court held that the "false, unfair or deceptive acts defined in the Federal Trade Commission Act need not be such as would constitute fraud." <u>Urling v. Helms Exterminators, Inc.</u>, 468 So. 2d 451, 453 (Fla. Dist. Ct. App. 1st Dist. 1985). In construing FDUPTA the Florida Supreme Court wrote:

"we conclude that the FDUTPA applies to private causes of action arising from single unfair or deceptive acts in the conduct of any trade or commerce, even if it involves only a single party, a single transaction, or a single contract. An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" Samuels, 782 So. 2d at 499 (quoting Spiegel, Inc. v. Fed. Trade Comm'n, 540 F.2d 287, 293 (7th Cir. 1976)); see: Millennium Communications & Fulfillment, Inc. v. Office of the Attorney Gen., 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000) (stating that deception occurs if there is a "'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment. '") (quoting Southwest Sunsites, Inc. v. Fed. Trade Comm'n, 785 F.2d 1431, 1435 (9th Cir. 1986))." PNR, Inc. v. Beacon Prop. Mgmt., 842 So. 2d 773, 777 (Fla. 2003).

14.) Lastly, the business practices of the Defendant complained of in this action are specifically those prohibited in section 501.1377 Florida Statutes (2008) and are declared in section 501.1377(7) to be an unfair and deceptive trade practices. It is illogical for the Defendant to assert that the Plaintiff's complaint is frivolous to the degree of warranting sanctions when it is based upon behavior which was declared by the legislature as a per se unfair and deceptive act.

15.) In closing, it is impossible for the Plaintiff to directly address any of the allegations contained in the Defendant's motion due to the vagueness of those allegations. Furthermore, the Defendant has not provided notice to the Plaintiff of any particular unfounded claim such that the Plaintiff could fairly evaluate the Defendant's argument. Therefore, the Plaintiff requests that this Honorable Court deny the Defendant's motion

for sanctions and award her costs and reasonable attorney fees associated with responding to the motion.

Respectfully submitted this 2nd day of July 2009.

/S/David H. Abrams
David H. Abrams, Esq.
Attorney for the Debtor/Plaintiff
Fla. Bar No.: 0692484
2236 Capital Circle N.E., Suite 106
Tallahassee, Florida 32308
(850) 224-7653 Telephone
(850) 222-0206 Facsimile
Info@TallahasseeConsumerLawyer.com

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was provided by electronic and/or regular U.S. mail to: Allen P. Turnage, Esquire, Attorney for Defendant, P.O. Box 15219, Tallahassee, FL 32317 and Theresa M. Bender, Chapter 7 Trustee, this July 2, 2009.

/S/David H. Abrams
David H. Abrams, Esq.
Attorney for the Debtor/Plaintiff