IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

QUEEN MILLER,

    Appellant,

v.                                         CASE NO. 4:10-cv-00039-MP-WCS

EDNY SAINT FELIX,

    Appellee.

_____/

**O R D E R**

    This matter is before the Court on appeal from Bankruptcy court.  The Bankruptcy Court, Judge Killian, sanctioned Mr. Abrams, Appellant's counsel, for filing frivolous claims.  After the issue was briefed, this Court held a hearing on April 23, 2010.  On appeal, Mr. Abrams argued that while his claims were not ultimately successful, upholding the sanctions against him would chill attorney ability to pursue novel legal claims to defend zealously their clients' interests.  This Court disagrees.

    The debtor in this bankruptcy case, Queen Elizabeth Miller, sold a parcel of real property to Edny St. Felix in trust, the defendant in this bankruptcy case.  Edny St. Felix paid Queen Miller $1,000.00 for the property, which was mortgaged.  Edny St. Felix was to pay off the mortgage when he subsequently sold the property.  Mr. St. Felix spent $28,000 repairing the property and made all mortgage, tax, and insurance payments on the property subsequent to buying it from Queen Miller.  Mr. Abrams, representing Queen Miller, sued Mr. St. Felix, alleging that he was involved in deceptive trade practices and that he did not in fact buy the

property from Ms. Miller. Mr. St. Felix properly served and subsequently filed a Motion for Sanctions, outlining the lack of legal merit to Mr. Abrams' claims. After granting Mr. St. Felix summary judgment, Judge Killian had a hearing specifically to determine whether or not sanctions would be appropriate.

Judge Killian imposed sanctions on Mr. Abrams for two of his claims: 1) that the warranty deed to the trust did not create a valid conveyance, and 2) the defendant was in violation of § 501.2077 of the Florida Deceptive and Unfair Trade Practices Act for engaging in "mortgage rescue" activities. Mr. Abrams then appealed, arguing that Judge Killian abused his discretion in failing to give specific enough notice of what specific argument was sanctionable, imposing sanctions for legal arguments that have not previously been ruled sanctionable, denying Mr. Abrams' claims of qualified immunity, and awarding sanctions in an amount that Mr. Abrams alleges was greater than required to deter incorrect behavior by attorneys.

Mr. Abrams had sufficient notice that sanctions could be imposed for improper arguments submitted to the bankruptcy court. In addition to the extensive litigation over these claims below, Judge Killian held a hearing specifically to allow Mr. Abrams to defend against charges that he had violated Bankruptcy Rule 9011. No more is required. *See* In re Johannessen, 76 F.3d 347 (11th Cir. 1996).

Nor is Mr. Abrams entitled to qualified immunity for filing the claims in question against Mr. St. Felix. However, that qualified immunity serves as a "business judgment rule" for trustees, and by derivation their counsel. Mosser v. Darrow, 341 U.S. 267, 274 (1951) (trustee may derive some qualified immunity from the "difficult business judgments" she is called upon to make). That immunity will not protect the trustee from personal liability for negligent or willful acts. *Id*. at 273-74. Filing a frivolous and sanctionable lawsuit is not a question of

business judgment, as it is never good judgment to file a frivolous claim in court, and so the trustee's qualified immunity does not apply to protect Mr. Abrams from the consequences of his actions here.

The heart of Mr. Abrams argument before this Court is that just as unethical financial agencies attempt new and evolving methods to defraud consumers, consumer advocates must be allowed to pursue recovery on novel legal theories to protect those consumers.  Whatever the merit of this argument, an advocate's ability to argue in good faith for an application, extension, or modification under the law under Fed. R. Civ. P. 11 or Bankruptcy Rule 9011 must not be mistaken to allow the kind of factually baseless accusations that Judge Killian sanctioned here.  As Judge Killian explained at length in the order granting Defendant's motion for sanctions, the true facts of the case make clear that Mr. Abrams had no good faith basis to support his allegations of fraud and deceptive practice.

First, Judge Killian sanctioned Mr. Abrams for his argument that the sale of the property by Ms. Miller to Mr. St. Felix was invalid.  Mr. Abrams failed to cite any applicable authority that would support this claim.  Instead, Mr. Abrams argued that he made a diligent inquiry into the law of all 50 states.  This inquiry, however, was into the consumer protection laws, not the property law that governs transfers of real property such as the one at issue here.  The bankruptcy court itself found that Fla. Stat. § 689.07(1) (2006) specifically provides that the conveyance would have been declared a fee simple transfer.  An inquiry into the law must be both "reasonable and competent."  Estate of Blue v. County of Los Angeles, 120 F.3d 982 (9th Cir. 1997).  A fifty state survey of consumer protection law, overlooking the property law of the state in which a transfer of real property is being attacked, is neither.

Second, Judge Killian sanctioned Mr. Abrams for his argument that Mr. St. Felix's

purchase of Ms. Miller's property was a deceptive or unfair trade practice.  Judge Killian did not abuse his discretion in doing so.  Mr. St. Felix did not deceive Ms. Miller or injure her financially.  Mr. St. Felix bought her house, paid her $1,000, paid to repair the house, paid the mortgage and insurance on the house, and improved its value in preparation for sale, reducing the possibility she would personally owe a deficiency if the mortgage was ever foreclosed.

Mr. Abrams' argument that Mr. St. Felix was engaged in "mortgage rescue" activities in violation of the Florida Foreclosure Fraud Prevention Act, § 501.1377 (2008), is also meritless for at least two reasons.  First, the statute, adopted in 2008, was not in effect at the time of the May 4, 2006 sale.  Second, the debtor was not in default or in foreclosure, so that statute would not apply even if it had been in force at the time of the transaction.  Additionally, as Judge Killian noted, Mr. Abrams spent much of the two hour deposition of Mr. St. Felix attempting to badger or trick him into describing the transaction as something other than a sale, despite his client's clearly stated intention to sell the house to Mr. St. Felix.  Judge Killian was well within his discretion to sanction Mr. Abrams for this frivolous argument, and for his deposition conduct.

Judge Killian's determination of the amount of sanctions to award was reasonable.  Though counsel for Mr. St. Felix failed to submit detailed time records, Judge Killian's experience as a bankruptcy judge allows him to determine both a reasonable amount of time to spend on the litigation before him, and a reasonable hourly rate.  Twenty-one hours billed at $250 per hour for the depositions, hearings, filings, and briefings required in this case, in addition to the costs of ordering copies of the relevant transcripts, is not unreasonable.

The amount awarded by the bankruptcy judge was the minimum sought by Defendant's counsel, including only attorney fees and costs.  The bankruptcy court did not award

*Case No: 4:10-cv-00039-MP-WCS*

reimbursement of any expenses to Mr. St. Felix himself, nor did he award punitive damages. The bankruptcy court did not abuse its discretion by awarding these fees to Mr. St. Felix, nor were the fees greater than required to deter appellant and like counsel from repetition of the sanctionable behavior at issue.

Finally, Mr. St. Felix argues that when a party is forced to defend an award of attorney's fees on appeal, the resulting time is compensable to the defending party.  He cites Danik v. Hatmarx Corp., 875 F.2d 890 (C.A. D.C. 1989).  The relevant ruling in that case, however, was overruled in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405-08 (1990).  In that case, the Supreme Court discussed the impropriety of district courts sanctioning parties for frivolous pleadings, and then increasing the sanctions when the sanctioned party appeals the district court's own order.  The Supreme Court described that Federal Rule of Appellate Procedure 38 governs litigants' conduct on appeal from the district court to the Court of Appeals, not Fed. R. Civ. P. 11.  Since Mr. St. Felix did not vet his citations particularly thoroughly on this point, the applicability of the precedent to appeals from a bankruptcy court to a district court is less than clear.  Therefore, this Court declines to award further sanctions based on Mr. Abrams' conduct before this Court on appeal of Judge Killian's order.

Judge Killian did not abuse his discretion in awarding sanctions against Mr. Abrams, nor did he abuse his discretion in the amount of the sanctions.  Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Order Granting Defendant's Motion for Sanctions Pursuant to FRBP 9011 is AFFIRMED.

2. Mr. St. Felix' request for additional attorney's fees for the defense of the appeal, included in the Appellee's Response Brief, Doc. 12, is DENIED.

3.     Mr. Abrams is ordered to pay Mr. St. Felix $5,500.00 by close of business May 26, 2010.

**DONE AND ORDERED** this   *27th* day of April, 2010

                    *s/Maurice M. Paul*
              Maurice M. Paul, Senior District Judge